831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger STUDLEY, Plaintiff-Appellant,
v.
The VILLAGE OF HOLLY, Thomas Bercher, and William Sudbury,
Defendants- Appellees.
 No. 86-1985.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1987.
 
 Before BOYCE F. MARTIN and DAVID A. NELSON, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Studley appeals the dismissal of his action against the Village of Holly. Studley brought suit under 42 U.S.C. Sec. 1983 and a variety of state laws alleging eight harassing acts by government and law enforcement officials of the village. The first five acts occurred between May 1977 and May 1979. The remaining three acts occurred in 1983.
 
 
 2
 Studley alleged violations of his rights under the First, Fourth, Eighth, and Fourteenth Amendments. In oral argument, he also asserted violation of his Fifth Amendment rights under First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, --- U.S. ----, 55 U.S.L.W. 4781 (June 9, 1987).
 
 
 3
 The district court granted summary judgment in favor of the village on the section 1983 action and dismissed the pendent state claims. In so doing, the district court held (1) that the applicable statute of limitations, Mich.Comp.Laws Sec. 600.5805, bars a section 1983 suit based on the five acts occuring between 1977 and 1979, (2) that Studley did not plead the existence of a "custom or policy" on which a section 1983 claim can be based, (3) that Studley did not show that state remedies were inadequate to redress his alleged deprivation of procedural due process, (4) that Studley did not establish the violation of his Fourteenth Amendment substantive due process rights, and (5) that federal jurisdiction over the pendent state claims should be dismissed. Studley contests each of these.
 
 
 4
 We are in agreement with the district court's conclusions. Under Wilson v. Garcia, 471 U.S. 261 (1985), claims under section 1983 are subject to the state statute of limitations for personal injury. We agree with the district court that the applicable statute of limitations here is Mich.Comp.Laws Sec. 600.585, which imposes a three-year limitation period on personal injury actions. Because application of a three-year statute of limitations establishes no new principle of law, we find no impropriety, under Chevron Oil v. Huson, 404 U.S. 97 (1971), in applying Wilson retroactively in this case. Thus, Studley is time-barred from bringing a section 1983 suit on the basis of the five acts occurring between 1977 and 1979. Moreover, he has not established that he was deprived of any federally-protected right by the remaining three acts. Finally, dismissal of the state claims was within the district court's discretion.
 
 
 5
 The facts suggest that Studley has grounds for at least a state court claim of harassment. The issuing of sixty-six tickets before seeking an injunction cannot otherwise be explained. Studley has not, however, shown that the harassing acts have deprived him of any federally-protected right. The section 1983 remedy is, therefore, inapplicable, and Studley must content himself with his state court remedies.
 
 
 6
 The judgment of the district court is AFFIRMED.